# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
### www.flmb.uscourts.gov

| | |
|---|---|
| In re: | ) |
| | ) |
| MATTHEW ERIC STAMER, JR., | ) Case No.: 6:19-bk-05525-KSJ |
| | ) Chapter 7 |
| Debtor. | ) |
| | |
| DENNIS KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adv. Pro. No.: _____ |
| | ) |
| BC RACING PROPERTIES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Chapter 7 Trustee Dennis D. Kennedy ("Trustee"), by and through undersigned counsel, files this Complaint to avoid and recover a fraudulent transfer and for other relief.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint.[1]

2. Venue is proper in this District.[2]

3. This adversary proceeding is a core proceeding.[3]

### PARTIES

4. Trustee is the court-appointed Chapter 7 Trustee.

---

[1] 28 U.S.C. §§ 1334 and 157.
[2] 28 U.S.C. § 1409.
[3] 28 U.S.C. § 157 (b) (2) (A), (B), (H) and (O).

1

60668387;2

5. According to the Florida Secretary of State's website, BC Racing Properties, LLC ("BC Racing") is a Florida Limited Liability Company with a principal address of by 1310 Heavenly Place, Winter Park, Florida 32792. According to the Florida Secretary of State's website, BC Racing's Registered Agent for service of process is Pedro C Melina, 1310 Heavenly Place, Winter Park, Florida 32792.

## BACKGROUND

### Free Fly, Debtor, and the Judgment

6. On January 29, 2015, Creditor Free Fly, Inc. ("Free Fly") sued Debtor Matthew Stamer and Brokerage Firm, LLC in Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida ("Orange County Circuit Court"), Case No.: 2015-CA-846 ("Civil Action"). In the Civil Action, Free Fly alleged claims of:

- Breach of Contract
- Breach of Guaranty
- Fraudulent Misrepresentation
- Negligent Misrepresentation
- Promissory Estoppel
- Unjust Enrichment

7. After trial in the Civil Action, the Orange County Circuit Court rendered a judgment in favor of Free Fly on all counts, except the negligent misrepresentation and unjust enrichment counts, and awarded damages totaling $748,255.38 ("Judgment").

8. The Orange County Circuit Court entered the Judgment on August 22, 2017.

9. Before and after the filing of the Civil Action and prior to entry of the Judgment, Free Fly and others were present and/or expected to be a future creditor of Debtor.

10. At the time of the entry of the Judgment, Free Fly became a present creditor of Debtor.

**Transfer of Security Interest in Condominium from Debtor to BC Racing**

11. Debtor owned a condominium unit located at 3747 S. Atlantic Ave., Unit 106, Daytona Beach Shore, FL 32118 ("Condominium"). Prior to the Judgment, there were two mortgage liens on the Condominium. The Condominium is property of this bankruptcy estate.

12. One month after entry of the Judgment and before the Judgment could be certified and recorded in Volusia County, on or about September 22, 2017, Debtor entered into a *Commercial Balloon Mortgage and Security Agreement*, under which agreement Debtor agreed to have placed on the Condominium a $100,000 third mortgage (the "Third Mortgage") in favor of BC Racing.

13. Upon information and belief, the Third Mortgage from Debtor to BC Racing was not arm's-length.

14. According to documents provided by BC Racing to Trustee's counsel, Debtor defaulted under the Third Mortgage.

15. Upon information and belief, BC Racing failed to enforce, or even attempt to enforce, the Third Mortgage.

16. The security interest in the Condominium transferred from Debtor to BC Racing as part of the Third Mortgage was an interest in property of the Debtor.

17. That Third Mortgage in favor of BC Racing eliminated any equity in the Condominium and was done in an effort to thwart Free Fly's attempt to collect on the Judgment and to hinder, delay, and defraud Debtor's creditors, including Free Fly.

**Count I
Actual Fraud --
Sections 548(a)(1)(A) and 550
of the Bankruptcy Code**

18. Paragraphs 1 through 17 inclusive are realleged and incorporated herein by reference.

19. Within two years prior to the Petition Date, Debtor transferred a security interest in the Condominium from Debtor to BC Racing as evidenced by the Third Mortgage.

20. That security interest in the Condominium was transferred with the actual intent to hinder, delay, or defraud present and, or in the alternative, future Debtor creditors.

21. Pursuant to Section 548(a)(1)(A) of the Bankruptcy Code, the transfer of the security interest in the Condominium is avoidable, and should be avoided.

WHEREFORE, Trustee demands judgment against Defendant BC Racing as follows: (i) avoiding the transfer of the security interest in the Condominium represented by the Third Mortgage; (ii) entering judgment in favor of Trustee against Defendant plus pre-judgment interest, post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant BC Racing may have against Debtor; and (iv) for such other and further relief as the Court deems just and proper.

**Count II
Actual Fraud --
Sections 544(b)(1) and 550 of the Bankruptcy Code
and Sections 726.105(1)(a) and 726.108, Florida Statutes**

22. Paragraphs 1 through 17 inclusive are realleged and incorporated herein by reference.

23. Within four years prior to the Petition Date, Debtor transferred a security interest in the Condominium from Debtor to BC Racing as evidenced by the Third Mortgage.

24. Pursuant to Section 544(b) of the Bankruptcy Code, Trustee may avoid any transfer of an interest of Debtor in property transferred to Defendant BC Racing that is avoidable under applicable law (in this case under Sections 726.105(1)(a) and 726.108, Florida Statutes) by a creditor holding an allowed unsecured claim.

25. There is at least one actual holder of such a claim.

26. That security interest in the Condominium was transferred with the actual intent to hinder, delay, or defraud present and, or in the alternative, future Debtor creditors.

27. The transfer of the security interest in the Condominium is avoidable, and should be avoided, pursuant to and under Sections 726.105(1)(a) and 726.108, Florida Statutes, and Section § 544(b)(1) of the Bankruptcy Code.

WHEREFORE, Trustee demands judgment against Defendant BC Racing as follows: (i) avoiding the transfer of the security interest in the Condominium represented by the Third Mortgage; (ii) entering judgment in favor of Trustee against Defendant plus pre-judgment interest, post-judgment interest, and costs of suit; (iii) disallowing any claim that Defendant BC Racing may have against Debtor; and (iv) for such other and further relief as the Court deems just and proper.

<u>**Count III**</u>
<u>**Recovery of Avoided Transfers**</u>
<u>**Pursuant to Section 550 of the Bankruptcy Code**</u>

28. Paragraphs 1 through 17 inclusive are realleged and incorporated herein by reference.

29. This is an adversary proceeding to recover fraudulent transfers that have been avoided pursuant to 11 U.S.C. §§ 544 and 548, and FUFTA.

30. As a result, the Trustee may recover the amount or value of each subject transfer received pursuant to 11 U.S.C. § 550.

WHEREFORE, Trustee demands judgment against Defendant BC Racing as follows: (i) entering judgment in favor of Trustee against Defendant plus pre-judgment interest, post-judgment interest, and costs of suit; (ii) disallowing any claim that Defendant BC Racing may have against Debtor; and (iii) for such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHTS

Trustee reserves the right to amend this Complaint to add additional claims and/ or parties that Trustee may discover.

Dated November 1, 2021                              Respectfully submitted,

*/s/ Samual A. Miller*
Samual A. Miller, Esquire
Florida Bar No. 034491
Sara A. Brubaker, Esquire
Florida Bar Number: 0105769
**AKERMAN LLP**
420 South Orange Ave.
Suite 1200
Orlando, FL 32802-0231
Phone: (407) 423-4000
E-mail: samual.miller@akerman.com
Email: sara.brubaker@akerman.com

*Counsel for Chapter 7 Trustee, Dennis D. Kennedy*